**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**KEITH FAISON,**

       **Plaintiff,**

      **v.**                         **Case No. 16-2285-CM**

**MIDLAND CREDIT MANAGEMENT, INC.,**


       **Defendant.**

---

**MEMORANDUM AND ORDER**

Plaintiff Keith Faison brought this case against defendant Midland Credit Management, Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Plaintiff alleges that defendant violated the FDCPA when he sent him a debt collection letter that included misleading and deceptive representations.  The matter is now before the court on defendant's motion for summary judgment (Doc. 13) and plaintiff's motion for summary judgment (Doc. 15).

The parties stipulated to most of the relevant facts in the case.  According to these facts, plaintiff owed debt to CIT Bank.  Plaintiff had not made a payment on the debt since April, 2008 and the statute of limitations for filing a lawsuit on the debt expired on April 3, 2011.  CIT Bank sold plaintiff's debt to defendant in February, 2011.  On April 8, 2015, Defendant sent plaintiff a letter that stated:

> "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it, we will not report it to any credit reporting agency, and payment or non-payment of this debt will not affect your credit score."

> The letter also included the following information:



The letter did not contain any threats of litigation, nor did it use the term "settlement" or "settle." Defendant also had a written policy providing that once a debt was out of statute, it would not recalculate the statute of limitations if it received payment toward the debt regardless of whether the law allowed for revival of the statute of limitations.

Both parties have moved for summary judgment on the issue of whether the letter at issue was deceptive and misleading in violation of the FDCPA. Summary judgment is appropriate when a moving party demonstrates that there is "no genuine issue as to any material fact" and that it is entitled to "judgment as a matter of law." Fed. R. Civ. P. 56(a).

Defendant argues the letter does not violate the FDCPA because the Statute of Limitations Disclosure—that defendant would not sue on the debt because it was outside the statute of limitations—was true at the time the letter was sent. Plaintiff, however, argues the letter is deceptive and misleading because it failed to disclose the revivable nature of a time-barred debt in Kansas and

that the letter included the benefits to making a payment on the debt without disclosing the legal consequences of making a payment under Kansas law.

This court recently addressed this identical issue in *Smothers v. Midland Credit Mgmt., Inc.*, 16-2202-CM, 2016 WL 7485686 (D. Kan. December 29, 2016).  The court will adopt the legal findings from that case and conclude as a matter of law that defendant violated the FDCPA by sending the above letter to plaintiff.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Doc. 13) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (Doc. 15) is granted.

Dated January 13, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**